**IN THE UNI TED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBORAH STANTON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 10-2726** |
| **Defendants.** | : | |

**MEMORANDUM**

**GENE E.K. PRATTER, J.**                                                    **FEBRUARY 28, 2011**

Deborah Stanton commenced this civil action in the Philadelphia Court of Common Pleas against the City of Philadelphia (the "City") and the Redevelopment Authority of the City of Philadelphia (the "RDA"), asserting various claims arising under property and contract law, as well as a Section 1983 claim concerning her alleged right to property under the Fourteenth Amendment. After the case was removed to this Court, the City and the RDA answered Ms. Stanton's Complaint and asserted several counterclaims.

Ms. Stanton moves to dismiss all of the counterclaims alleged by the City and the RDA. The motions attack the counterclaims for failure to state claims upon which relief can be granted. Ms. Stanton argues that: (1) the counterclaims are not ripe for adjudication, and (2) there is a prohibition on raising an argument or facts as both a counterclaim and an affirmative defense. For the reasons articulated below, the Court denies the motions.

**BACKGROUND**

Only a brief discussion of the background attendant to this case is necessary for the Court to address Ms. Stanton's motions. The parties' dispute concerns a vacant Philadelphia property located at 615 and 617 N. 11th Street (the "Property"). In May 2006, Ms. Stanton and the RDA executed a deed that conveyed the Property to Ms. Stanton for consideration of a nominal value.

Compl. (Docket No. 1) ¶¶ 4-5; *id.*, Ex. A; City Answer (Docket No. 2) ¶¶ 4-6; RDA Answer

(Docket No. 3) ¶¶ 4-5. The deed was not recorded. Compl. ¶ 9; City Answer ¶¶ 4-6; RDA

Answer ¶ 9.

Ms. Stanton alleges that the RDA failed to record the deed on her behalf as promised and

failed to deliver a notarized copy of the deed to allow her to record it. Compl. ¶¶ 8-9; Pl.'s City

Mot. to Dismiss at 2; Pl.'s RDA Mot. to Dismiss at 2. The City and the RDA allege that

although Ms. Stanton previously had been informed that she was required to pay fair market

value for the Property, due to the RDA's error, the deed granted the Property to Ms. Stanton for

nominal value. City Answer ¶¶ 4-6; *id.*, Ex. C; RDA Response (Docket Nos. 9 and 10) at 2.

They further allege that the deed was not recorded because of Ms. Stanton's failure to pay fair

market value. City Answer ¶¶ 4-6; RDA Answer ¶¶ 4-5.

The City's sole counterclaim against Ms. Stanton alleges that "Ms. Stanton knew or

should have known" of the RDA's "unilateral mistake" prior to the settlement on May 16, 2006.

City Answer ¶¶ 64-66. Specifically, the City contends that Ms. Stanton knew or should have

known that the required consideration for the Property and deed was for fair market value instead

of the nominal value, which the RDA erroneously listed in the transaction documents. *Id.* By

taking advantage of this unilateral mistake, the City alleges, Ms. Stanton's receipt of the Property

constitutes unjust enrichment and is unconscionable. *Id.* ¶¶ 67-68.

The RDA raises three counterclaims against Ms. Stanton. The RDA's first counterclaim

seeks the rescission of the Property's deed. RDA Answer, Countercl. Count I. In the alternative,

the RDA requests payment of fair market value for the Property. *Id.* Countercl. Count II. The

third counterclaim asserts Ms. Stanton was unjustly enriched for failure to pay consideration. *Id.*

Countercl. Count III.

## LEGAL STANDARD

Ms. Stanton invokes Federal Rule of Procedure 12(b)(6) which provides that a party may

assert by motion, in response to a pleading, a defense of "failure to state a claim upon which

relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a pleading "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).[1] In considering a 12(b)(6) motion, the Court accepts as true all well-

pleaded allegations in the pleading at issue and views them in the light most favorable to the non-

moving party. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The

Court may also consider the allegations contained in the complaint, exhibits attached to the

complaint, matters of public record and records of which the Court may take judicial notice. *See*

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Pension Benefit Guar.*

*Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under

any reasonable reading of the pleadings, [the nonmoving party] may be entitled to relief." *Holder*

*v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citing *Colburn v. Upper Darby*

*Township*, 838 F.2d 663, 665-666 (3d Cir.1988)). Thus, the Court will grant a Rule 12(b)(6)

motion when it is certain that no relief could be granted under any set of facts that the nonmoving

party could prove consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). The movant has the burden of

---

[1] The Court previously has recognized that pleading standards under *Twombly* and *Iqbal* "apply with equal force to crossclaims, counterclaims, and third-party complaints." *Schmolz±Bickenbach USA, Inc. v. Dauble*, Civil Action No. 09-5771, 2011 WL 285123, at *2 (E.D. Pa. Jan. 28, 2011).

showing that there is no cognizable claim for relief. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926

F.2d 1406, 1409 (3d Cir. 1991).[2]

**RIPENESS**

The Court is denying Ms. Stanton's ripeness-based motion to dismiss the City's and the

RDA's counterclaims, because the counterclaims are, in fact, ripe for disposition. "Ripeness is a

justiciability doctrine intended to prevent a court from entangling itself in abstract disagreements

by avoiding premature adjudication." *Save Ardmore Coal. v. Lower Merion Twp.*, 419 F. Supp.

2d 663, 669-70 (E.D. Pa. 2005) (citing *Nat'l Park Hospitality Ass'n v. Dept. of the Interior*, 538

U.S. 803, 807 (2003)).  Ripeness demands that a claim "grow out of a 'real, substantial

controversy between parties' involving a 'dispute definite and concrete'" and that the "facts

alleged show that there is a substantial controversy, between parties having adverse legal

interests, 'of sufficient immediacy and reality' to justify judicial resolution." *Peachlum v. City of*

---

[2] Although the Court is considering the motions pursuant to the Rule 12(b)(6) standard exclusively, the Court recognizes that the Third Circuit Court of Appeals has considered ripeness issues both in reviewing motions in the context of failure to state a claim under Fed. R. Civ. P. 12(b)(6) and subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Cowell v. Palmer Twp.*, 263 F.3d 286, 290-91 (3d Cir. 2001) (agreeing with the district court that the claim was not ripe and thus should be dismissed pursuant to Rule 12(b)(6)); *Congregation Anshei Roosevelt v. Planning and Zoning Bd. of Borough of Roosevelt,* 338 F. App'x 214, 216 & n.3 (3d Cir. 2009) (unpublished) (reviewing the district court's dismissal of the complaint as unripe under the Rule 12(b)(6) standard); *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994) (reviewing a 12(b)(1) dismissal concerning ripeness); *see also CBS Outdoor Inc. v. New Jersey Transit Corp.*, Civil Action No. 06-2428, 2007 WL 2509633, at *9 (D.N.J. Aug. 30, 2007) (citing additional examples of our Court of Appeals' review of ripeness under both standards, *County Concrete Corp. v. Township of Roxbury*, 442 F.3d 159, 163-64 (3d Cir. 2006) and *Stern v. Halligan*, 158 F.3d 729, 734 (3d Cir.1998)).  Nonetheless, because both parties agree that the Rule 12(b)(6) standard applies, Pl.'s City Mot. to Dismiss (Docket No. 4) at 2-3; Pl.'s RDA Mot. to Dismiss (Docket No. 6) at 3; City's Response (Docket No. 8) at 2; RDA's Response at 5, and case law does not preclude its application here, the Court adheres to the Rule 12(b)(6) standard concerning Ms. Stanton's ripeness argument.

*York*, 333 F.3d 429, 434 (3d Cir. 2003) (citing *Babbitt v. United Farm Workers Nat'l Union*, 442

U.S. 289, 298 (1979); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273

(1941)). The doctrine focuses on the maturity of dispute in its readiness for disposition, and it

"centers on whether [an] injury has occurred yet." Erwin Chemerinsky, *Federal Jurisdiction*

§ 2.4.1 (5th ed. 2007); *see also* 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice*

*and Procedure* §3531.2 ("[R]ipeness inquires whether the injury is sufficient to warrant

decision."); *id.* ("Ripeness doctrine is invoked to determine whether a dispute has yet matured to

a point that warrants decision.").

One way courts have found that a claim is *not* ripe for adjudication is "if it rests upon

'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"

*Texas v. United States,* 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric.*

*Prod. Co.*, 473 U.S. 568, 580-581 (1985)). Under this approach, some courts deny ripeness in

given cases because

> events that once presented a ripe controversy have ceased to have any continuing impact,
> and the prospect of renewal is speculative. Other cases in this group deny ripeness with
> the observation that the central concern of both constitutional and prudential doctrines is
> that the tendered claim involves uncertain and contingent future events that may not occur
> as anticipated, or indeed may not occur at all.

Wright & Miller, *supra*, §3532.2.

Here, Ms. Stanton's argument relies upon this test for remote or uncertain contingencies.

Ms. Stanton specifically, but merely, recites the Court of Appeals for the Third Circuit's

statement of conventional law in *Wyatt v. Government of the Virgin Islands*, 385 F.3d 801, 806

(3d Cir. 2004) (citation omitted): "A dispute is not ripe for judicial determination 'if it rests

upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'"

Pl.'s City Mot. to Dismiss at 3; Pl.'s RDA Mot. to Dismiss at 3.

While this an accurate quotation of law, it is inapplicable in this action. Ms. Stanton

contends that the counterclaims should be dismissed as unripe because they are allegedly

contingent on the Court's future determination of "essential elements" of the City and the RDA's

counterclaims—the existence of a contract for the Property or the ownership of the Property.

Pl.'s City Mot. to Dismiss at 3; Pl.'s RDA Mot. to Dismiss at 3-4. However, this argument relies

on the observation that the Defendants may or may not be able to establish the elements of their

counterclaims in order to succeed on the merits, which, in fact, is wholly unrelated to a ripeness

analysis. It may be true that in order for the City and the RDA to succeed in their claims for

rescission, for example, they would need to establish that the deed exists, given that the existence

of a contract is an essential element of a rescission claim.[3] But the determination of this

"essential element" is *not* the type of contingent future event that ripeness concerns. Under Ms.

Stanton's logic, her own claims, such as those for breach of contract, which also rely on the

determination of certain "essential elements," could not be deemed ripe.

Indeed, the City and the RDA's counterclaims do not rely on contingent future events or

injuries that are too remote or uncertain to justify adjudication at present. As alleged by the City

and the RDA, the events that form the basis of their counterclaims have already occurred, namely

the deed's execution and Ms. Stanton's notice that the RDA expected she would have to pay fair

market value for the Property. The Court also finds that the City and the RDA have sufficiently

---

[3] Pennsylvania law on rescission requires that a "*contract* made under mutual mistake as to an essential fact which formed the inducement to it, may be rescinded on discovery of the mistake, if the parties can be placed in their former position with reference to the subject-matter of it. . . . When the non-mistaken party knows or has reason to know of the unilateral mistake, and if the mistake, as well as the actual intent of the parties is clearly shown, relief will be granted to the same extent as a mutual mistake." *Eagle Traffic Control, Inc. v. United Rentals, Inc.*, No. 02-7439, 2004 WL 228686, at *4 (E.D. Pa. Feb. 4, 2004) (citations and quotations omitted) (emphasis added).

alleged in their pleading that they have already suffered an injury, to wit, Ms. Stanton's failure to pay fair market value for the Property. City's Counterclaim at ¶ 66; RDA's Counterclaim Count I at ¶ 5; Counterclaim Count II at ¶ 8; and Counterclaim Count III at ¶ 11.[4]

Because the events giving rise to the dispute and the injury allegedly have occurred, the parties' controversy is not a remote possibility or speculative, but, as alleged, an actuality. Accordingly, the Court can determine that the counterclaims do not raise hypothetical issues and are based upon a tangible dispute. *See Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952) ("The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them.").

**COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Ms. Stanton argues that the City and the RDA failed to properly plead counterclaims upon which relief can be granted based upon the theory that, although Defendants properly pled facts and arguments as affirmative defenses, they cannot also plead those facts and arguments as counterclaims. Pl.'s City Mot. to Dismiss at 4; Pl.'s RDA Mot. to Dismiss at 4-5. The Court disagrees.

First, the Court's rules do not impose restrictions on the types of counterclaims that may be asserted. Federal Rule of Civil Procedure 13(c)—by providing that a counterclaim "need not diminish or defeat recovery sought by the opposing party" and "may request relief that exceeds or differs from that sought by the opposing party—confirms that an affirmative defense can also be pled as a counterclaim. "Rule 13(c) re-enforces the liberal provisions of Rules 13(a) and 13(b) by

---

[4] Notably, Ms. Stanton's Complaint also alleges that all events giving rise to the action and her injury have already occurred.

making it clear that a counterclaim may be asserted regardless of whether it simply tends to diminish or defeat the recovery sought by the opposing party, or seeks relief that exceeds the main claim in amount or is different in kind from the opposing party's demand. Actually, Rule 13(c) continues the former federal practice under Equity Rule 30 of placing no restrictions on the type or size of the counterclaim that may be asserted." Wright & Miller, *supra*, §1426. Thus, the City and the RDA may raise facts and arguments not only as affirmative defenses, and in fact are required to do so,[5] but also as counterclaims.

Second, the Court recognizes the RDA's argument that its counterclaims are compulsory under Federal Rule of Civil Procedure 13(a) and thus they must be pled in order to preserve the RDA's ability to assert the claims and prevent duplicating the presentation of evidence and resources in separate actions. RDA's Response at 5. Rule 13(a) requires a party to assert a counterclaim when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." "Failure to assert a compulsory counterclaim before the related claim proceeds to judgment results in the barring of the counterclaim." *James E. McFadden, Inc. v. Bechtel Power Corp.*, Civ. A. No. 85-6945, 1986 WL 4195, at *3 (E.D. Pa. Apr. 3, 1986) (citing Fed. R. Civ. P. 13(a) advisory committee's note 7). Here, Ms. Stanton agrees that the City and the RDA properly raised their affirmative defenses, Pl.'s City Mot. to Dismiss at 4; Pl.'s RDA Mot. to Dismiss at 4-5, but based upon her logic, once a certain theory is pled as an affirmative defense, a defendant should be barred from raising a compulsory counterclaim based on that same theory. It is simply untenable that the Court's rules would oblige any defendant to raise a

---

[5] *See* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."); Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . .").

compulsory counterclaim, only to bar that claim permanently because it raises the same facts and arguments as an affirmative defense.[6]

Third, affirmative defenses and counterclaims serve different roles in litigation, which further compels the conclusion that a defendant may assert a theory as both. The Third Circuit Court of Appeals has determined that a defense is "a response to a plaintiff's claim which attacks the plaintiff's [legal] right to bring an action," while a counterclaim is "a claim presented by a defendant in opposition to or deduction from the claim of the plaintiff." *Nat'l Union Fire Insur. Co. of Pittsburgh v. City Savings*, 28 F.3d 376, 393 (3d Cir. 1994) (citing *Black's Law Dictionary* 247 (6th ed. 1990)); *see also Flood v. Makowski*, Civil Action No. 3:CV-03-1803, 2005 WL 4984027, at \*2 (M.D. Pa. Apr. 6, 2005). Here, the City and the RDA's affirmative defenses serve to defend against Ms. Stanton's claims and the relief she seeks, such as, *inter alia*, this Court's "Order and Decree that states that Plaintiff is the legal owner" of the Property. In contrast, the City and the RDA's counterclaims provide grounds for different relief—specifically the rescission of the contract, or the payment of fair market value to the RDA.

Thus, the Court finds that the City and the RDA are not precluded from raising their counterclaims, despite having also raised those claims as affirmative defenses.

**CONCLUSION**

Ms. Stanton's motions to dismiss are denied, and an appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[6] The Court does not rule on whether the RDA's counterclaims are compulsory because such a determination is unnecessary to decide Ms. Stanton's Motions.